FILED

# United States District Court
## Northern District of California

AUG 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>ANDREW THOMAS RUSSO | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-06-00748-001 RMW<br><br>BOP Case Number: DCAN506CR000748-001<br><br>USM Number: 10881-111<br><br>Defendant's Attorney: Joseph Blount Cheshire |

**THE DEFENDANT:**

[x] pleaded guilty to Count: One (1) of the Indictment.
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Controlled Substances, a Class E Felony | 01-06 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___.

[x] Counts Two (2) through Ten (10) of the Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

August 18, 2008
Date of Imposition of Judgment

*Ronald M. Whyte* (signature)
Signature of Judicial Officer

Honorable Ronald M. Whyte, U. S. District Judge
Name & Title of Judicial Officer

8/22/08
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | ANDREW THOMAS RUSSO | Judgment - Page 2 of 8 |
| CASE NUMBER: | CR-06-00748-001 RMW | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>Twelve (12) months and One (1) day</u>.

[ ]   The Court makes the following recommendations to the Bureau of Prisons:

[ ]   The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]   The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.
    [ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[x]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons or to the United States Marshal for this district:

    [x] before **2:00 p.m.** on **January 6, 2009**.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

 

                                                                      UNITED STATES MARSHAL

                                                       By _____
                                                              Deputy United States Marshal

DEFENDANT:      ANDREW THOMAS RUSSO                                    Judgment - Page 3 of 8
CASE NUMBER:    CR-06-00748-001 RMW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>One (1) year</u>.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)
[x]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)
[x]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| DEFENDANT: | ANDREW THOMAS RUSSO | Judgment - Page 4 of 8 |
| CASE NUMBER: | CR-06-00748-001 RMW | |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall (1) consent to the Probation Officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the Probation Officer to having installed on his computer(s), at the defendant's expense, any hardware or software systems to monitor his computer use.

2) The defendant shall make an application to register as a drug offender pursuant to state law.

3) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

5) The defendant shall provide the Probation Officer with access to any financial information, including tax returns, and shall authorize the Probation Officer to conduct credit checks and obtain copies of income tax returns.

6) The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

7) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the Probation Officer.

DEFENDANT: ANDREW THOMAS RUSSO  
CASE NUMBER: CR-06-00748-001 RMW

Judgment - Page 5 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine        | Restitution |
|--------|------------|-------------|-------------|
| Totals: | $ 100.00  | $ 30,000.00 | $           |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Totals:       | $ _         | $ _                 |                        |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution.

   [ ] the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      ANDREW THOMAS RUSSO                                    Judgment - Page 6 of 8
CASE NUMBER:    CR-06-00748-001 RMW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [x]  Lump sum payment of **$100.00** due immediately, balance due

   [ ]  not later than _____, or

   [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties:
        While incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102. Upon release from custody, payment of fine shall be due at the rate of $100 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:       ANDREW THOMAS RUSSO                                          Judgment - Page 7 of 8
CASE NUMBER:     CR-06-00748-001 RMW

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[x]   The defendant shall forfeit the defendant's interest in the following property to the United States:

1)   All funds in SunTrust Bank checking account with account number ending in 5817 in the name of United Care Pharmacies, LLC. [Asset ID: 07-DEA-479055]

2)   All funds in SunTrust Bank checking account with account number ending in 7417 in the name of United Care Pharmacies, LLC. [Asset ID: 07-DEA-479047]

3)   All funds in the Corning Federal Credit Member account with account numbers ending in 5740 (Checking), 5240 (Savings) and sub-accounts #1 (Savings) and #9 (Checking) in the name of Andrew T. Russo. [Asset ID: 07-DEA-479114]

4)   All funds in the First Caribbean Internacional Bank account with account number ending in 4505 in the name Andrew T. Russo located in the Turks & Caicos Islands.

5)   All funds in the State Employees Credit Union interest checking account with account number ending in 8650 in the name of A. Thomas Russo. [Asset ID: 07-DEA-480217]

6)   All funds in the State Employees Credit Union share account with account number ending in 8974 in the name of A. Thomas Russo. [Asset ID: 07-DEA-480225]

7)   The property located at 217 Chimney Lane, Wilmington, North Carolina.

8)   The property located at 1422 A Swordfish Lane, Wilmington, North Carolina.

9)   All invested funds and proceeds from the initial investment of $100,000.00 investment in the real property identified as 302 South 6th Street, Carolina Beach, North Carolina.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:     ANDREW THOMAS RUSSO                                          Judgment - Page 8 of 8
CASE NUMBER:   CR-06-00748-001 RMW

10) All invested funds and proceeds from the $128,000.00 investment with Lazarus John or Lazarus John's business, Leader Mortgage.

11) The property identified as a lady's cast platinum diamond ring featuring three emerald cuts with a combined total weight of 4.54 carats, purchased from Albert F. Rhodes, with an approximate appraisal value of $90,000.00.

12) All funds in the Laiki Bank checking account with account number ending with 6020 in the name of Andrew Thomas Russo.

13) All funds in the Laiki Bank checking account with account number ending with 5031 in the name of Newtown Investments Limited.

14) Funds in the amount of $350,000.00 that was provided to the DEA by Dale Lovitt.
    [Asset ID: 07-DEA-478352]

15) Funds in the amount of $100,000.00 that was provided to the DEA by Rae Lovitt.
    [Asset ID: 07-DEA-478358]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.